IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:12-329-CMC |
| v. | **OPINION and ORDER** |
| George McLeod, III, a/k/a "Pimpstick Quezzy," | |
| Defendant. | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises three Grounds for Relief. The Government filed a motion for summary judgment. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. Defendant has responded to the Government's motion and this matter is ripe for resolution.

**I. BACKGROUND**

In March 2013, Defendant was charged in a Second Superseding Indictment with child sex trafficking conspiracy, in violation of 18 U.S.C. § 371; attempt and conspiracy to transport a minor with the intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(e); sex trafficking of children, in violation of 18 U.S.C. § 1591(a)(2); transportation of minors with the intent to engage in criminal sexual activity, in violation of 18 U.S.C. § 2423(a); social security identity fraud and aiding and abetting, in violation of 42 U.S.C. § 408(a)(7)(B) and 18 U.S.C. § 2; aggravated identity theft, in violation of 18 U.S.C. § 1028A(a)(1); and transportation for prostitution and aiding and abetting, in violation of 18 U.S.C. §§ 2421 and 2.

On April 24, 2013, Defendant appeared with counsel and after a thorough hearing pursuant to Rule 11, entered a guilty plea to Counts 6 and 7 of the Second Superseding Indictment, which charged aggravated identity theft (Count 6) and transportation for prostitution and aiding and abetting (Count 7). The plea agreement contained a waiver of Defendant's right to file a direct appeal or to contest his sentence under 28 U.S.C. § 2255 absent a claim of ineffective assistance of counsel or prosecutorial misconduct.

A Presentence Report (PSR) was prepared and Defendant, through counsel, filed objections to the PSR. At Defendant's sentencing held August 21, 2013, the court sustained one objection, overruled one objection, and Defendant withdrew his remaining objections. Defendant was thereafter sentenced to seventy (70) months' imprisonment, consisting of 46 months' imprisonment as to Count 7 and twenty-four months' imprisonment as to Count 6, with the sentences to be served consecutively.

Defendant did not file a Notice of Appeal to the Fourth Circuit Court of Appeals. On February 10, 2014, the Clerk received Defendant's motion for relief filed in this court pursuant to 28 U.S.C. § 2255.

## II. STANDARD

Defendant contends he received ineffective assistance of counsel. The standard governing ineffective assistance of counsel claims is found in *Strickland v. Washington*, 466 U.S. 668 (1984). In order to succeed on such a claim, Defendant must first show that his counsel's performance was "deficient," *Strickland*, 466 U.S. at 687-88, and that such deficiency resulted in actual prejudice to Defendant. *Id.* As to the first prong of the *Strickland* test, a defense attorney's conduct is deficient if it fails to meet a standard of "reasonably effective assistance." *Id.* at 687. A reviewing court must

"judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." *Id.* at 690. *See also Lockhart v. Fretwell*, 506 U.S. 364, 371-72 (1993).

The failure of counsel to object to an improper application of the sentencing guidelines may amount to ineffective assistance of counsel. The *Strickland* standard applies to counsel's actions at sentencing. *See Royal v. Taylor*, 188 F.3d 239, 248-49 (4th Cir. 1999) (applying *Strickland* to ineffective assistance at sentencing claim, requiring only that "sentence would have been more lenient" absent counsel's errors). Prejudice exists when an error results in a longer sentence than would otherwise have been imposed. *See Glover v. United States*, 531 U.S. 198, 202-04 (2001) (holding that Sixth Amendment prejudice resulted from an asserted error that added six to twenty-one months to the defendant's sentence). *See also United States v. Smith*, 497 F. App'x 269 (4th Cir. 2012) (same). "If the defendant cannot demonstrate the requisite prejudice, a reviewing court need not consider the performance prong." *Fields v. Attorney Gen.*, 956 F.2d 1290, 1297 (4th Cir. 1992) (citing *Strickland*, 466 U.S. at 697).

### III. DISCUSSION

The court has reviewed the entire record of this matter. For the reasons stated by the Government in its motion and memorandum in support of summary judgment, which this court finds to be correct and adopts as its findings, the Government is entitled to summary judgment.

### IV. CONCLUSION

The Government's motion for summary judgment is **granted** and Defendant's motion for relief is dismissed with prejudice.

**CERTIFICATE OF APPEALABILITY**

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c).  A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable.  *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001).  In this case, the legal standard for the issuance of a certificate of appealability has not been met.  Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
June 26, 2014