IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:12-329-CMC |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| George McLeod, III, ) | |
| a/k/a "Pimpstick Quezzy," ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks to alter or amend this court's ruling issued April 21, 2015. Defendant argues that this court incorrectly calculated the time period in which his response was due. ECF No. 354 at 1. Attached to Defendant's motion is a response to the Government's April 6, 2015, opposition. Defendant argues that a reply to the Government's response was due on April 23, 2015 and this court "did not allow the Defendant his full time to respond to the Government." Mot. at 1.

Local Criminal Rule 12.05, D.S.C., provides that a response to a motion " must be filed with the clerk of court as soon as possible but not later than the earlier of fourteen (14) days after service of the motion . . . ." The Local Criminal Rules do not provide for the filing of replies to motion responses, and Defendant did not seek permission to file a reply. Local Civil Rule 7.07, D.S.C., provides "[r]eplies to responses are discouraged. However, a party desiring to reply to matters raised initially in a response to a motion or in accompanying supporting documents shall file the reply within seven (7) days after service of the response . . . ." Therefore, even assuming the applicability of Local Civil Rule 7.07, D.S.C., any response filed by Defendant after April 16, 2015,

1

would be untimely. Defendant presents no evidence that the response attached to his motion to alter or amend was provided to prison authorities on or before April 16, 2015.[1]

Even though it is untimely filed, the court has reviewed Defendant's reply. As presented in his motion for relief under 28 U.S.C. § 2255, Defendant's second ground for relief was that he received ineffective assistance of counsel at sentencing based upon counsel's alleged failure "to object to the use of Kayla Edwards, Kayla Harris, Amanda Neal, and Kelsey Lemmond for Enhancement under Chapter 3 part D multiple counts [sic]. Please see attached memorandum[.]" Mot. for Relief under 28 U.S.C. § 2255 at 6, ECF No. 293. In his memorandum in support of his motion for relief, Defendant argues that "the allowable unit of prosecution [was] the 'transportation,'" and he should only have been held responsible for transporting Tabitha Keever and Kelsey Lemmond from Greenville, South Carolina to Knoxville, Tennessee, not the five individuals noted above. *See* Memo. in Supp. at 4, ECF No. 293-1.

Even assuming, for purposes of this motion, that the court failed to address Ground Two of Defendant's motion for relief under § 2255, the court again reiterates that this Ground for Relief is without merit. Defendant failed to establish in either his § 2255 motion, memorandum in support of motion, or in his opposition to the Government's summary judgment motion that the application of U.S.S.G. § 3D1.1, in conjunction with §§ 2G1.1(d)(1) and 1B1.3, was error. Accordingly, no prejudice resulted from counsel's actions or inactions at sentencing.

Defendant's motion to alter or amend is **denied**.

---

[1] Because Defendant is incarcerated, he benefits from the "prison mailbox rule" enunciated in *Houston v. Lack*, 487 U.S. 266 (1988).

**IT IS SO ORDERED.**

                                           s/ Cameron McGowan Currie
                                           CAMERON McGOWAN CURRIE
                                           SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 12, 2015